IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARIO SATIZABAL**                                                  **PETITIONER**

V.                            No. 2:23-cv-00040 KGB/PSH

**C. EDGE, Acting Warden,**
**FCI – Forrest City, Arkansas**                                     **RESPONDENT**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Mario Satizabal ("Satizabal") is in federal custody in Arkansas as a result of his 2011 guilty plea to the crime of conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 963. Satizabal was sentenced in the United States District Court for the Southern District of Florida to

1

a total of 200 months' imprisonment, or more than 16 years.[1]  Ten years later, in March 2021, Satizabal pleaded guilty to misdemeanor possession of a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2).  He was sentenced to a prison term of one month, to be served consecutive to the earlier cocaine sentence.

Satizabal raises a single claim – he is being denied earned time credits ("ETC") under the First Step Act ("FSA"), enacted in 2018 in part to provide additional time credits to be applied toward time in prerelease custody or supervised release.  Pub. L. 115-391.  Satizabal reports that his projected release date is February 3, 2025, but contends he should be immediately released if given the credits to which he is entitled.  Satizabal, a resident of Colombia, concedes that he is subject to deportation, which is the reason given by the Bureau of Prisons ("BOP") for denying him ETC credits in his first two attempts to resolve this issue via administrative remedies.  Specifically, Satizabal's October 2022 Inmate Informal Resolution Attempt seeking ETC credits was denied because an ICE detainer was lodged against him.  Doc. No. 5, Exhibit 6.  Similarly, his November 2022 Administrative Remedy Request was denied due to the detainer.  *Id.*

In May 2023, Satizabal's Administrative Remedy Appeal was denied by the Office of General Counsel.  The basis for the denial was not the ICE detainer, as

---

[1]Satizabal's original sentence of 233 months' imprisonment was reduced by the sentencing court to 200 months in 2019.

the BOP policy on ICE detainers had been changed on February 6, 2023.[2] *See* Doc. No. 5-6, pages 20-22.  Rather, the BOP deemed him ineligible for ETC credits because he had been convicted of a specified crime which disqualified him from the possibility of receiving the credits.  The crime which disqualified him was his 2021 misdemeanor conviction for possession of contraband in prison, which is listed as an offense rendering a prisoner ineligible for ETC credits in 18 U.S.C. § 3632(d)(4)(D)(xxix).

For the reasons set forth below, the Court recommends that Satizabal's habeas petition be dismissed and the relief requested denied. There is no debate on the classification of the offenses under the FSA – Satizabal's felony cocaine conviction is not listed as an FSA disqualifying offense, while his misdemeanor conviction for possession of contraband in prison is a disqualifying offense. The Court has previously considered a similar scenario, where an inmate was sentenced to 84 months in prison for a disqualifying offense (a firearm offense under 18 U.S.C. § 924) and to 36 months in prison, to be served consecutively, for an offense (armed robbery) which was not disqualifying under the FSA. The Court held that because of a statutory mandate to aggregate sentences, the BOP properly aggregated Rose's sentences into one for administrative purposes, and therefore he was ineligible for ETCs under the FSA because of his disqualifying offense. *See*

---

[2]Edge concedes Satizabal has exhausted his administrative remedies.

*Rose v. Yates*, 2023 WL 3198298, No. 2:22-CV-214 PSH/BSM, May 2, 2023 Findings and Recommendation, adopted on May 23, 2023).  The issue in *Rose*, and in this instance, is the proper treatment of the two sentences.  Any argument for separate treatment of the sentences must be squared with the language of 18 U.S.C. § 3584(c), enacted in 1984, providing that "multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."  The Court notes that in *Rose*, the separate sentences were imposed in one case.

Several other courts have also recently addressed the issue presented in this matter, and have found that separate sentences should be treated as aggregated and the inmate deemed to be serving one sentence.  Therefore, if one of the aggregated sentences is a disqualifying offense the inmate is not eligible to receive any ETC.  *See, e.g., Giovinco v. Pullen*, No. 3:22-CV-1515 (VAB), 2023 WL 1928108, at *2–4 (D. Conn. Feb. 10, 2023)(sentences imposed in same case on same date), *Dahda v. Hudson*, No. 23-3008-JWL, 2023 WL 2815920, at *1 (D. Kan. Mar. 7, 2023)(sentences imposed in separate cases); *Ledford v. Lemaster*, No. CV 23-30-DLB, 2023 WL 2905376, at *3 (E.D. Ky. Mar. 28, 2023)(sentences imposed same date in separate cases, one a drug charge and one a supervised release revocation); and *Sok v. Eischen*, No. 22-cv-458 (ECT/LIB), 2022 WL 17156797, at *5 (D. Minn. Oct. 26, 2022)(collecting cases)(separate sentences imposed same

day), report and recommendation adopted, 2022 WL 17128929 (Nov. 22, 2022)(finding the BOP's interpretation of the statute was reasonable, and even mandatory, in light of the statute requiring aggregation of sentences. *Id.* at *5).[3] The Eighth Circuit Court of Appeals affirmed the District of Minnesota's ruling, 2023 WL 5282709 (8th Cir. August 17, 2023) (per curiam), finding that "[t]he BOP correctly treated his prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits."

In light of the Eighth Circuit's August 2023 opinion in *Sok*, and in consideration of the additional case law identified herein, the Court finds that the BOP could reasonably aggregate Satizabal's two sentences for administrative purposes and find that he is not entitled to earn ETCs because one of the convictions disqualifies him from FSA credits. The Court has considered in making its recommendation that more than a decade passed from the time of

---

After 18 U.S.C. § 3584(c) was enacted in 1984, a number of courts considered the BOP's aggregation of sentences and its impact on an inmate's ability to participate in the BOP's residential drug abuse program ("RDAP"), and their findings and reasoning are instructive in this matter. The *Giovinco* Court cites *Moreno v. Ives*, 842 F. App'x 18, 21–22 (9th Cir. 2020) as an instance where the BOP's aggregation of multiple sentences was deemed within its discretion under section 3584(c). Other cases agreed. *See Rankin-El v. Holinka*, 2007 WL 495004 (D. Minn., Feb. 13, 2007) (petitioner's two-level enhancement, though drawn from only one of his two sentences, precluded him from the benefits of RDAP because the BOP properly aggregated the sentences); and *Donald v. Hudgins*, 2018 WL 4519194 (D.S.D., August 13, 2018) ("Mr. Donald does not (and cannot) show the BOP exceeded statutory authority when it excluded him from RDAP eligibility by aggregating his sentences."). The reasoning of these RDAP cases is consistent with the BOP's treatment of the FSA.

Satizabal's first conviction and his later conviction for possession of contraband in prison, and that the sentences are quite dissimilar, e.g., 16 years vs. 1 month. Of note is that 18 U.S.C. § 3584(c) does not differentiate between a felony and a misdemeanor conviction concerning the aggregation of sentences. And the list of disqualifying offenses in the FSA includes *any* offense under "Section 1791, relating to providing or possessing contraband in prison." 18 U.S.C. § 3632(d)(4)(D)(xxix). The drafters of the FSA could have listed only felony convictions under Section 1791 as disqualifying offenses but chose not to do so. *Cf.* 18 U.S.C. § 3632(d)(4)(D)(v)(identifying felony, *but not misdemeanor*, assault as a disqualifying offense). They could also have provided that a second sentence entered many years after imposition of the initial sentence should be treated differently, but they did not do so.

It is tempting to second-guess whether the drafters of the FSA could have envisioned the interaction of the FSA and the 1984 aggregation statute resulting in the outcome of this case. However, the courts' prior interpretation of the aggregation statute as applied to the RDAP cases was known before the FSA was enacted. The drafters of the FSA also intentionally excluded eligibility for inmates convicted of a misdemeanor for possession of a prohibited object in prison while not excluding eligibility of inmates convicted of a misdemeanor for assault. And they did not carve out an exception in cases in which the sentences are imposed

many years apart. The Court is also mindful that the FSA provides a limited opportunity for specified inmates but it does not create a right for all inmates. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

In summary, the BOP may properly consider Satizabal to be serving a "single, aggregate term of imprisonment." As such, he is statutorily ineligible to receive FSA time credits and his Section 2241 petition should be denied.

RECOMMENDED this 6th day of September, 2023.

_____
UNITED STATES MAGISTRATE JUDGE