IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARIO SATIZABAL**  **PETITIONER**
Reg #96900-004

v.  Case No. 2:23-cv-00040 KGB

**C. EDGE, Acting Warden,**  **RESPONDENT**
FCI-Forrest City

## ORDER

Before the Court are the Findings and Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 11). Judge Harris recommends that this Court dismiss petitioner Mario Satizabal's 28 U.S.C. § 2241 petition for writ of *habeas corpus* (Dkt. No. 1). After careful review of the Recommendation, Mr. Satizabal's objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 11).

In his § 2241 petition, Mr. Satizabal complains that the Bureau of Prisons's ("BOP") is denying him earned time credits ("ETC") under the First Step Act ("FSA") (Dkt. No. 1).[1] The BOP has deemed Mr. Satizabal ineligible for ETC because he was convicted of a specific crime, a misdemeanor conviction for possession of contraband in prison, which is listed as an offense rendering a prisoner ineligible for ETC credits in 18 U.S.C. § 3632(d)(4)(D)(xxix). Mr. Satizabal's

---

[1] As Judge Harris explains in her Recommendation, the reason given by the BOP for denying Mr. Satizabal's claim for immediate release the first two times he attempted to resolve this issue via administrative remedies was because he is a resident of Colombia. Specifically, Mr. Satizabal's October 2022 Inmate Informal Resolution Attempt seeking ETC credits was denied because an Immigration and Customs Enforcement ("ICE") detainer was lodged against him (Dkt. No. 5-6, at 18). Similarly, his November 2022 Administrative Remedy Request was denied due to the detainer (*Id*., at 19). In May 2023, Mr. Satizabal's Administrative Remedy Appeal was denied by the Office of General Counsel (Dkt. No. 5-6, at 10). For the first time, the basis for the denial was not the ICE detainer (*Id*).

misdemeanor sentence is statutorily mandated to be aggerated with his sentence for a felony cocaine conviction, which is not listed as an FSA disqualifying offense (Dkt. No. 11, at 6-7 (citing *Rose v. Yates*, Case No. 2-22-cv-00214 BSM-PSH, 2023 WL 3198298, at *3 (E.D. Ark. May 2, 2023), *Report and Recommendation adopted,* Case No. 2:22-cv-00214 BSM, 2023 WL 3601186 (E.D. Ark. May 23, 2023))).

Mr. Satizabal's objections point to issues raised by Judge Harris in her Recommendation (Dkt. No. 12, at 1-2). For example, according to Mr. Satizabal in most of the cases Judge Harris cites more than a decade has not passed from the first sentence imposed and the second sentence that is aggregated (*Id.*, at 1). Additionally, Mr. Satizabal notes that in his case there is a dissimilarity between his 16-year sentence for a felony cocaine conviction and the later one-month sentence for possession of contraband in prison (*Id.*, at 1-2). This Court adopts the Recommendation's reasoning in its entirety in rejecting Mr. Satizabal's claim that the BOP erred in determining that his sentences must be aggregated and that the list of disqualifying offenses in the FSA includes *any* offense under "Section 1791, relating to providing or possessing contraband in prison." (Dkt. No. 11, at 5-6). 18 U.S.C. § 3634(d)(4)(D)(xxix).

The Court has considered Mr. Satizabal's objections and overrules his objections (Dkt. No. 12). His objections break no new ground, and the Recommendation addresses the controlling factual and legal issues in this case necessary to rule on Mr. Satizabal's pending § 2241 petition.

### III.   Conclusion

For these reasons, the Court adopts the Recommendation in its entirety as this Court's findings of fact and conclusions of law and dismisses Mr. Satizabal's 28 U.S.C. § 2241 petition for writ of *habeas corpus* (Dkt. Nos. 1; 11).

3

It is so ordered this 27th day of January, 2026.

                                            _____
                                            Kristine G. Baker
                                            Chief United States District Judge